UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ARDIS RAY WILLIAMS**<br>    **LA. DOC #98169**<br>**VS.** | **CIVIL ACTION NO. 5:15-cv-0489**<br><br>**SECTION P**<br><br>**JUDGE ELIZABETH E. FOOTE** |
| **KEITH DEVILLE, WARDEN**<br>**MADISON CORRECTIONS CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

    Pro se petitioner Ardis Ray Williams, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 2, 2015. Petitioner attacks his 2011 conviction for burglary of an inhabited dwelling and the 10 year sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

    Petitioner was charged via Bill of Information with simple burglary of an inhabited dwelling in case number 292478 of the First Judicial District Court. [Doc. 1-3, p. 4] On July 21, 2011, he pled guilty and on the same date he was sentenced to serve 10 years at hard labor. [Doc. 1, p. 3; Doc. 5, ¶1-6] He did not appeal his conviction or sentence.[1]

---

[1] Petitioner claims that he appealed [see Doc. 5, ¶8], however it is clear from the information supplied thereafter that he did not.  In addition, the presumptively reliable published jurisprudence of the State of Louisiana contains no references to either a published or

Following his conviction he filed a number of pleadings in the First Judicial District Court. On December 5, 2011, he filed a pro se motion seeking production of the transcript of his guilty plea and sentencing. On December 14, 2011, the trial court granted the motion. On March 23, 2012, he filed a pro se motion for amendment or modification of sentence. That motion was denied on March 28, 2012; it appears that petitioner did not seek further review of the denial of his motion. On July 3, 2012, he filed a second motion for production of documents; that motion was denied on July 20, 2012. On October 4, 2012, petitioner filed a motion to amend or modify sentence; that motion was denied on October 10, 2012. On October 17, 2012, he filed another motion to amend or modify sentence; that motion was denied on November 8, 2012. On July 9, 2013, petitioner filed an application for post-conviction relief. On February 5, 2014, petitioner filed a motion for production of documents and on February 27, 2014, he filed a motion to correct an illegal sentence. [Doc. 1-3, p. 5]

His application for post-conviction relief and his motion for production of documents were apparently denied by the District Court sometime prior to February 28, 2014, because on that date petitioner filed writ applications in the Second Circuit Court of Appeals. These writ applications were assigned Docket Numbers 49,290-KH and 49,299-KH and consolidated and on April 17, 2014, the Court of Appeals denied his application for writs with regard to the application for post-conviction relief and transferred the motion seeking production of documents back to the District Court. *State of Louisiana v. Artis Williams*, Nos. 49,290-KH and 49,299-KH. [Doc. 1-3, p. 3] He sought further review in the Louisiana Supreme Court and on February 13, 2015, his writ applications were denied. *State of Louisiana ex rel. Artis Williams v.*

---

unpublished appeal of petitioner's 2011 conviction.

*State of Louisiana*, 2014-KH-1133 (La. 2/13/2015), — So.3d —, 2015 WL 897749 and *State of Louisiana ex rel. Artis Williams v. State of Louisiana,* 2014-KH-0912 (La. 2/13/2015), — So.3d —, 2015 WL 897559.

He filed the instant petition which, though difficult to decipher, seems to raise a single claim of ineffective assistance of counsel.

## Law and Analysis

### 1. Limitations

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999),

---

[2] Nothing in the record suggests that any of the other reckoning periods provided by the statute apply.

citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following July 21, 2011, (the date that petitioner was sentenced)[3] or, on or about August 22, 2011. Petitioner had one year from that date, or until August 22, 2012, to file his federal *habeas* petition. Petitioner filed a motion to amend or modify his sentence, but that proceeding, assuming it qualified as a state post-conviction or collateral attack, remained pending for only 6 days between March 23 - March 28, 2012. Petitioner cannot otherwise rely upon the tolling provision of Section 2244(d)(2) because he did not file his other collateral attacks in the District Court until after the expiration of the AEDPA limitations period, and, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467.

Thus, it is clear that more than one year elapsed untolled between the date of finality of judgment and the date petitioner filed the instant petition.

## 2. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710,

---

[3] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, April 13, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**